Alden *v*. Parkhill.

## BYRON ALDEN *v*. BENJAMIN PARKHILL.

The purchaser of land, who executes his promissory note therefor, and takes a deed with covenants of warranty, cannot, in an action upon the note give in evidence under the general issue, a breach of the covenant against incumbrances.

Where a promissory note, payable to the payee or bearer, was executed prior to the enactment of the statute of November 17, 1836,—by which the proviso to the statute of 1798, giving to indorsees the right to sue in their own names, was repealed,—and the payee had before executed to the maker a deed of land, with covenants of warranty, and there was an outstanding mortgage upon the land at the time of the execution of the deed, it was held, that this breach of the covenant against incumbrances gave to the defendant a right against the payee, to claim that the incumbrance should be removed, and a right to extinguish the incumbrance himself, at any time, and that this right had accrued prior to the statute of Nov. 17, 1836, and so was within the saving clause of that statute.

And this right having so accrued to the defendant, it was held, that he might plead in offset to the note, when sued by a third person as bearer of the note, the amount paid by him to extinguish such outstanding mortgage, notwithstanding notice was given to the defendant of the transfer of the note to the plaintiff prior to the payment being made by the defendant upon the incumbrance.

And the defendant was allowed to plead his payment of the incumbrance in offset to the note, notwithstanding it appeared that, at the time of payment, he took an *assignment* to himself of the demands constituting the incumbrance.

ASSUMPSIT upon a promissory note, bearing date March 31, 1836, and made payable to Luther Haven, or bearer, in four years from date, with interest ; and the plaintiff averred, in common form, that he was the lawful bearer of the note. The defendant pleaded the general issue, and also pleas in offset, in which he averred, in substance, that, on the day of the execution of the note in suit, Haven, the payee of the note, executed to him a deed of land, with covenants of warranty, in usual form ; that prior to that time, to wit, on the twenty seventh day of November, 1829, Haven and one Bacon, who then owned the same land together, had executed a mortgage deed thereof to one Friend Adams, to secure the payment of their

indebtedness to Adams; that this mortgage to Adams was still outstanding, and the debt secured by it in no part satisfied, at the time of the execution of Haven's deed to the defendant and of the note in suit; that the administrators of Adams subsequently demanded possession of the premises of the defendant; and that the defendant, on the twenty second day of March, 1842, paid to the administrators six hundred dollars, to free the land from the incumbrance; and the defendant claimed, that the amount of this payment should be offset against the note in suit. The defendant also averred breaches of the covenants of seisin and warranty of title, contained in his deed from Haven.

Issue was joined upon the several pleas of the defendant, except that which counted upon a breach of the covenant against incumbrances; and as to that the plaintiff replied, that before the note in suit became due, and before the defendant had made any payment on account of the incumbrance specified in his plea, or had been in any manner damnified by reason thereof, the note in suit was transferred and assigned by Haven to the plaintiff for a full and valid consideration, and that the plaintiff thereby became the lawful bearer of the note, and that of this the defendant had notice. To this replication the defendant demurred; and the court decided that the replication was insufficient. And now the case came on for trial by the court,—Bennett, J., presiding,—upon the issues of fact and the assessment of damages upon the plea founded upon the breach of the covenant against incumbrances.

On trial it appeared that the plaintiff became the owner of the note in suit in November, 1836, and that he paid therefor the full amount due upon the note, and that the defendant had notice of the transfer in September, 1838. The only evidence, offered by the defendant, of the payment by him of the incumbrance upon the land was an assignment to himself, by the administrators of Friend Adams, of certain judgments recovered by Adams against Haven and Bacon; but it was proved that these were debts due from Haven and Bacon to Adams and secured by a mortgage of the same premises subsequently [conveyed by Haven to the defendant, and that the defendant, on the twenty second day of March, 1841, actually paid to the administrators the amount specified in the assignment as received by them, being the full amount of the judgment.

Alden *v.* Parkhill.

This evidence was objected to by the plaintiff, but admitted by the court. It farther appeared, that the administrators, at the date of the assignment of the judgments, discharged the mortgage which they held upon the land.

The county court found the several issues of fact in favor of the plaintiff, and rendered judgment for the plaintiff for the amount due upon the note, after deducting $516,22, being the amount paid by the defendant to the administrators of Adams upon the mortgage. Exceptions by plaintiff.

*Asahel Peck* for plaintiff.

1. The incumbrance upon the premises is no defence to the note under the general issue. As the defendant executed the note and took a covenant against incumbrances, the undertakings are inde-pendant, and each must rely on the security taken at the time for his remedy,—more especially, as this defence goes only to part of the note. *Moggridge* v. *Jones*, 14 East 486. *Chapman* v. *Eddy*, 13 Vt. 205. *Spiller* v. *Westlake*, 2 B. & Ad. 155, [22 E. C. L. 49.]

2. As the plaintiff is a *bona fide* bearer of the note, and received it while current, for a valuable consideration, the defence is inad-missible, either under the general issue, or as a plea in offset. The proviso to the statute of 1798* relates to the remedy, and not to the right, and it was competent for the legislature to alter or repeal it. The statute of November 17, 1836, repealing this proviso, has no saving of notes theretofore executed, but only of *rights* already ac-crued.† No right accrued to the defendant, under the covenant, until after the statute of 1836 took effect, nor until after the trans-

---

*Which is in these words,—" *Provided always*, That in all such actions [in the name of endorsees] it shall be lawful for the defendant, or defendants, to plead an offset, of all demands proper to be plead in offset, which the de-fendant or defendants may have against the original payee or payees, before notice of such indorsement, against the indorsee, or indorsees ; and may also plead or give in evidence, on trial of any such action, any matter or thing which would equitably discharge the defendant, or defendants, in an action brought in the name of the original payee, or payees.

†The proviso to the statute of Nov. 17, 1836, is in these words : " *Provided*, That nothing in this act shall impair any right, which has accrued under the act, to which this is an amendment."

fer of the note to the plaintiff and notice thereof to the defendant,—
at least, none beyond nominal damages; and the right is saved by
the statute only to the extent it existed, at the time the act took ef-
fect, that is, to the extent of nominal damages. *Farr* v. *Brigham*,
15 Vt. 557. The *rights* saved by the statute are only such as at-
tach to the note, and do not include an offset, which is but a *remedy*.

3. Nominal damages, only, can be recovered on a covenant
against incumbrances, until the covenantee has paid the incum-
brance. In this case the incumbrance has not been removed. The
defendant had his election, either to *pay* or to *purchase* the mort-
gage debt; and having elected to purchase and take an assignment
of the debt and keep it on foot against the mortgagor, he cannot at
the same time have the benefit of it as a payment. As he was not
personally liable for the mortgage debt, he was competent to pur-
chase it, and his purchase would not operate as a payment. Had
the mortgage notes been endorsed to the defendant, at the date of
his assignment, he could not plead them in offset; and his rights are
no greater, under the assignment of the judgments.

*J. Pierpoint* for defendant.

The defendant contends

1. That the covenant against incumbrances, in the deed to the
defendant, was broken at the time of the execution of the deed, and
that the right of action in the defendant had then become perfect,
so that he could have maintained an action thereon, or have pleaded
it in offset under the statute. *Richardson* v. *Dorr*, 5 Vt. 9. *Potter*
v. *Taylor*, 6 Vt. 676. 2 Vt. 327. 14 Vt. 438.

2. That the rule of damages, in such case, would not be the
actual injury at the time of the breach of the covenant, but would
be the injury, which the party had sustained thereby at the time of
trial. *Potter* v. *Taylor*, 6 Vt. 676. 1 Conn. 254. 4 Mass. 627.
7 Johns. 358. 16 Johns. 254.

3. The passage of the statute of 1836, repealing the proviso to
the first section to the statute of 1798, cannot affect this case;
the right of action being perfect at the time, and saved by the statute
of 1836, all damage, resulting from the wrongful act for which the
right is given, must, as a matter of law, follow the right, until the
right shall in some legal way be extinguished.

4.  The fact, that the defendant took an assignment of the demands, which are secured by the mortgage referred to, cannot in any way affect his right to offset the amount paid.  The transfer of the demands together with the discharge of the mortgage amount to nothing more than evidence of payment, the amount paid, what the payment was upon, and the amount actually due.  The amount paid is still a payment upon the mortgage, and the defendant's remedy is by a resort to the covenants in his deed.

The opinion of the court was delivered by

KELLOGG, J.  Upon the hearing in this case several objections have been taken to the ruling of the court below, which are now to be considered.

1.  It is insisted by the plaintiff, that the defendant cannot avail himself of the claim arising from the breach of the covenant against incumbrances, contained in the deed of Haven to the defendant, by way of defence to this suit, under the plea of the general issue. Supposing the note in suit to have been given as part consideration for the deed from Haven to the defendant, which seems highly probable, (though the fact does not distinctly appear,) yet even in that event it is believed that the incumbrance, created by the mortgage of Bacon and Haven to Adams, could not be given in evidence under the plea of the general issue.  For upon that supposition the defendant, when he executed the note, took for it the deed of Haven of certain lands, with the usual covenants of warranty, and if he would rely upon a breach of those covenants, he must plead the same specially.

2.  It is farther insisted, that, inasmuch as the plaintiff is the *bonâ fide* endorsee or holder of the note, the defendant cannot avail himself of the claim, arising from the incumbrance created by the mortgage of Bacon and Haven to Adams, by a plea of set off; or at least only to the extent of nominal damages.  It was admitted in argument, and is unquestionably true, that the proviso to the first section of the statute of 1798, entitled "An act allowing endorsees to maintain actions in their own names," secures to defendants the right to plead an offset of all demands proper to be plead in offset, which they may have against the original payee or payees before notice of such endorsement, against the endorsee or endorsees; and

27

had this proviso continued in force, until the claim set forth in the defendant's plea in offset had accrued by the payment of the money for the extinguishment of the incumbrance, there would seem to be no doubt, but that the defendant would be entitled to set off the entire amount, so paid, against the plaintiff's demand, unless the intervening transfer of the note in suit by Haven to the plaintiff, and notice to the defendant of the same, would deprive him of that right, or limit his claim to nominal damages, or to the amount actually paid anterior to such notice. But the proviso to the first section of the statute of 1798 was repealed by the statute of Nov. 17, 1836. This repealing act, however, contains a providing clause, " That nothing in this act shall impair any *right which had accrued* under the act to which this is an amendment." To determine, then, whether the defendant can avail himself of his plea of set off in the present case, it becomes necessary to enquire what right had accrued to the defendant anterior to the repealing act of 1836, and whether that right was affected by notice of the transfer of the note in suit by Haven to the plaintiff.

The deed of Haven to the defendant, containing the covenants upon which he counts in his pleas in offset, was executed on the thirty first day of March, 1836, and the mortgage of Haven and Bacon to Friend Adams, which constitutes the incumbrance of which the defendant complains, was executed the twenty seventh day of November, 1829, and was a lien upon the premises at the time of the conveyance by Haven to the defendant. The defendant, then, had a right to institute his suit against Haven, upon his covenant against incumbrances, immediately upon the receipt of his deed from Haven, and would have been entitled to recover nominal damages, at least, without an extinguishment of the incumbrance. This covenant was broken immediately upon the execution of the deed. *Prescott* v. *Trueman,* 4 Mass. 627. The right thus secured by the statute of 1798 was clearly within the saving clause of the repealing act of 1836.

3. It is farther insisted by the plaintiff, in argument, that the right thus saved to the defendant does not extend to the subsequent payments, made by him in March, 1842, to extinguish the incumbrance. But the court cannot assent to this proposition. The right of the defendant to claim of Haven the extinguishment of the prior

incumbrance existed *immediately* upon the execution of Haven's deed to the defendant; and upon his failure to do it, the defendant had a right *at any time* to extinguish the incumbrance and claim remuneration of Haven for the same; in which event the amount he would be entitled to recover would be the amount paid for the extinguishment of the incumbrance. How could the defendant extinguish this incumbrance? We know of no way, but by paying the amount of it to the mortgagee, or his representatives. Nor would the transfer of the note in suit to the plaintiff, in November, 1836, and notice of the same to the defendant, defeat this *right* of the defendant, inasmuch as the right existed *and had accrued* to the defendant, anterior to the transfer and notice.

4. But it is farther insisted, that, inasmuch as the defendant, upon his paying the amount of the incumbrance to the representatives of the mortgagee, took an *assignment* of the demands, he is to be regarded as a *purchaser*, and not as having *paid off* the incumbrance.

This objection appears to have in it more of *technicality* than soundness. It cannot be denied that the defendant *paid* the amount of the incumbrance, to prevent being evicted from the premises; and although he took a transfer of the demands, the effect of which was, for the time being, to keep them on foot against Haven and Bacon, yet we see no objection to his treating it as payment, which he does by pleading it in offset; and upon its allowance here, it will effectually prevent his enforcing the same against Haven or Bacon.

The judgment of the county court is affirmed.